# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**LINDA C. TAYLOR,**　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**NO. 1:05V27-EMB**

**COMMISSIONER OF SOCIAL SECURITY,**　　　　　　　　　　　　　　　**DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Linda C. Taylor seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security (the "Commissioner"), which denied her application for a period of disability and disability benefits under Title II of the Act. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

## Procedural History

Plaintiff protectively filed an application for disability benefits on August 15, 2000, alleging a disability onset date of August 1, 1998. (Tr. 60-63). Her claim was denied initially and on reconsideration, (Tr. 23-36), and a request for hearing was timely filed. Plaintiff appeared and testified at a hearing before an administrative law judge ("ALJ") on November 6, 2001. (Tr. 239-66). Plaintiff was represented by an attorney. *Id*. The ALJ denied plaintiff's application on March 21, 2002, (Tr. 21), finding that plaintiff was not disabled as defined in the Social Security Act. *Id.* Plaintiff then filed a Request for Review of Hearing Decision/Order, which the Appeals Council denied on May 29, 2002. (Tr. 5-6). On this action of the Appeals Counsel, the ALJ's decision thus became the final decision of the Commissioner of Social Security ("Commissioner") in this case. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Statement of Facts**

The plaintiff was 51 years old at the time of the hearing before the ALJ. (Tr. 242-3). She completed the twelfth grade (Tr. 76). Her past employment includes work as a clothing quality control inspector and a sewing machine operator in a factory. (Tr. 20, 71, 79). She alleges disability as of August 1, 1998 due to inflammatory arthritis and osteoporosis in the back and hip, and constant pain, especially in the hand and right ankle. (Tr. 12-13, 133-220, 244).

After review and evaluation of the medical evidence of record and the subjective testimony at the hearing, (Tr. 243-65), the ALJ found plaintiff not disabled. (Tr. 11-21, Finding No. 9). Contrary to plaintiff's allegation of disability, the ALJ found that she had the residual functional capacity ("RFC") to perform the full range of light and sedentary work activity. (Tr. 21, Finding No. 6).

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet

3

1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

Because plaintiff's Title II insured status expired on March 21, 2002, (Tr. 12), she must establish that she became disabled on or before that date to be eligible for benefits. *See Milan v. Bowen,* 782 F.2d 1284, 1286 (5th Cir. 1990). Evidence showing a degeneration of a claimant's

---

the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994) ("Medical-Vocational Guidelines").

condition after the expiration of [her] Title II insured status is not relevant to the Commissioner's Title II disability analysis." *See Torres v. Halala*, 48 F.3d 887, 894 n. 12 (5th Cir. 1995).

**Discussion**

Plaintiff identifies four issues on this appeal:

> 1. Whether the ALJ misinterpreted plaintiff's medical records and substituted his own knowledge in place of the expert opinions of plaintiff's physicians in his determination that she was not disabled. Plaintiff's Brief at p. 8.
>
> 2. Whether plaintiff is disabled, "which is defined as an inability to engage in any substantial gainful activity by reason of an impairment expected either to result in death or last for a continuous period of at least twelve (12) months." (capitalization omitted) Plaintiff's Brief at p. 9.
>
> 3. Whether the ALJ erred in accepting one medical record as conclusive and refusing to consider other medical evidence which contradicted that record. Plaintiff's Brief at p. 10.
>
> 4. Whether plaintiff provided ample proof that was not rebutted by credible evidence by the Commissioner. Plaintiff's Brief at p. 10.

As there is no dispute regarding the propriety of plaintiff's statement of the issues, I find the issues presented by plaintiff are the only issues before the Court on this appeal.

Regarding the first issue presented by plaintiff, she makes a generalized argument that the ALJ's decision reflects that he substituted his own opinion for that of the expert opinions of plaintiff's physicians. Though plaintiff cites numerous cases which stand for the proposition that it is improper for an ALJ to do this, she has taken no time to point to any evidence in this case in support of her position. I find plaintiff's generalized contention unconvincing. A review of the ALJ's decision establishes that he went into great detail summarizing the findings of plaintiff's doctors. And, the ALJ's characterization of the medical evidence is consistent with the treatment notes of plaintiff's doctors which highlight her inflammatory arthritis, diabetes, hypertension and right ankle fracture. Because plaintiff has failed to point to specific instances where the ALJ misinterpreted or mischaracterized the evidence, her arguments regarding this issue are not

5

persuasive.

Next, plaintiff takes issue with the ALJ's assignment of little weight to the opinions of her treating physicians, Drs. Macon Phillips and Stephen Senter and with the lack of credibility attributed to her testimony. First as concerns her treating physicians, in a letter to plaintiff's counsel dated November 19, 2001, Dr. Phillips opined that plaintiff was disabled from gainful employment. (Tr. 235). Dr. Phillips indicated plaintiff had limitation in range of motion in her hips and pain on a daily basis. *Id*. He acknowledged, however, that recent examinations of plaintiff revealed no inflammation. *Id*. In a letter to plaintiff's counsel dated February 5, 2002, Dr. Senter made similar statements. (Tr. 238). He stated plaintiff had periods of exacerbation and pain in her lower extremities and in her hips, knees and shoulder joints. *Id.* He further noted limitation in motion in the knees and hips. *Id.* Dr. Phillips concluded that plaintiff was "unable to be gainfully employed in any capacity." *Id*.

A review of the ALJ's decision indicates he recognized the importance that should be placed on the opinions of treating physicians. Indeed, he made repeated statements indicating he did not take Drs. Phillips' and Senter's opinions lightly. (Tr. 17-18). Nonetheless, the ALJ found the after-the-fact opinions of these doctors to be inconsistent with their own treatment notes and the other medical evidence of record. Indeed, while the treatment notes of these doctors indicated conditions of a "routine and benign" nature, their opinions invented disease of a disabling nature. For instance, tests performed by Dr. Senter in February 1999 indicated there was no joint swelling, and plaintiff had tested negative for rheumatoid factor. (Tr. 144). In April 1999, Dr. Senter indicated that plaintiff's back pain was muscular in nature. (Tr. 143). In October 1999 an examination performed by a nurse practitioner in response to plaintiff's complaints of soreness of the shoulders, arms and hands yielded findings of good range of motion. (Tr. 139). Plaintiff had some mild edema and blood testing showed only a slightly

elevated sedimentation rate. (Tr. 139). Finally, in August 2001, Dr. Senter noted some tenderness in the quadriceps of the upper thigh and hip area. (Tr. 229). X-rays of the left hip showed some sclerosis with some mild lipping of the left knee and narrow joint space. *Id*. There were no other bony abnormalities, however. *Id.* Dr. Senter gave a diagnosis of arthralgia of the left hip and knee. *Id.*

Additionally, records of Dr. Phillips' examination of plaintiff in November 1999 showed she had good range of motion in her neck; no swelling and full range of motion in her wrists, elbows and shoulders; minimal tenderness and swelling in the feet and ankles; good range of motion in the hips and knees; and normal motor strength, reflexes and sensory testing. (Tr. 201-02). In March 2000, Dr. Phillips indicated there was no synovitis, and plaintiff had full range of motion with no edema. (Tr. 200). It was further noted that plaintiff was doing very well and that her prescribed medication had helped her condition. *Id.* Later, in August 2000, though plaintiff still had symptoms of inflammatory arthritis and had some low-grade synovitis in the hands and pain in the left hip and knee, Dr. Phillips continued her on the same nonsteroidal medication. (Tr. 199).

The ALJ also looked at the evidence produced by a medical consultant, William Bell, M.D. Dr. Bell examined plaintiff on July 7, 2001. (Tr. 218). Dr. Bell indicated plaintiff had no history of end organ damage from her conditions, (Tr. 218), and she had good range of motion in all of her joints. (Tr. 219-20). His overall impression included complaints of inflammatory arthritis for which plaintiff took Celebrex satisfactorily. (Tr. 220). Plaintiff had no effusions or limitations in motion or functioning. (Tr. 220). She was able to sit, stand and walk normally. *Id.* And, though she complained of right ankle pain, examination revealed a normal ankle. *Id.* Plaintiff's diabetes and hypertension were controlled by medication. *Id.* Furthermore, a

7

Medical Source Statement completed by Dr. Bell showed plaintiff had no limitations and her complaints were "largely subjective." (Tr. 221-23).

Based on the foregoing, there are no clinical findings in support of Drs. Senter's and Phillips' conclusions of disability. Accordingly, I find there is adequate support in the record for the ALJ's assignment of reduced weight to the opinions of plaintiff's treating physicians. "'The Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir.1987)); *see also* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have .").

Second, as concerns the ALJ's credibility determination with respect to plaintiff's subjective complaints, she points out that her husband verified all of her complaints during his testimony at the hearing. Because the ALJ pointed to specific reasons why he rejected the testimony of plaintiff's husband, namely bias, and because plaintiff's testimony regarding her pain and symptoms conflicted with the medical records of her doctors, the Court must give due deference to the ALJ's credibility determination.

The Court now turns to the issue of whether the ALJ erred in "accepting one medical record as conclusive." Again, plaintiff argues that the ALJ mischaracterized the evidence and suggests he did not recognize she suffered from inflammatory arthritis, osteoporosis and constant pain. In light of the foregoing, this argument is unavailing. The ALJ specifically characterized plaintiff's arthritis as a severe condition and pointed to specific medical evidence indicating that plaintiff's other ailments were not severe. Moreover, as mentioned above, plaintiff's testimony of "constant" pain was contradicted by the reports of her doctors.

Lastly, plaintiff suggests she presented ample proof in support of her claim of disability. Plaintiff's Brief at p. 11. First, plaintiff states the ALJ ignored the November 2001 report submitted by Dr. Phillips. Next, plaintiff states the ALJ accepted Dr. Bell's characterization of plaintiff's daily activities as more accurate than responses submitted by plaintiff in her daily activities questionnaire. First, I point out the fact that plaintiff makes no argument that the ALJ committed an error. Second, I remind plaintiff that the role of this Court is not to reweigh the evidence but, instead, determine whether substantial evidence supports the ALJ's findings. Having established this and having duly considered the record and the submissions of the parties herein, I find substantial evidence in the record supports the ALJ's determination that plaintiff was not disabled.

**Conclusion**

Based on the foregoing, the Commissioner's determination of no disability and the denial of disability benefits should be affirmed. A final judgment consistent with this opinion will be entered.

**THIS**, the 31st day of March, 2006.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**